UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Wilfredo Jesus BASTIDAS MEJIAS,

Petitioner,

v.

Gregory J. ARCHAMBEAULT, et al.

Respondents.

Case No.: 26-cv-4829-AGS-DEB

**ORDER GRANTING HABEAS PETITION (ECF 1) AND ORDERING RELEASE**

Petitioner Wilfredo Bastidas Mejias returns for a third attempt at a writ of habeas corpus under 28 U.S.C. § 2241 challenging his immigration detention. In his first case, this Court ordered "that petitioner receive a bond hearing pursuant to 8 U.S.C. § 1226(a) . . . ." *See Bartidas v. LaRose*, 26-cv-3068-AGS-DEB, ECF 5, at 1 (S.D. Cal. May 15, 2026). At that bond hearing, an Immigration Judge found that Bastidas Mejias was "a flight risk" and denied him bond. *See Bastidas Mejias*, 26-cv-3715-AGS-DEB, ECF 8, at 1 (S.D. Cal. July 21, 2026). His second petition, which "omit[ted] any mention of that hearing," was denied as an "abuse of the writ" for raising the same argument "he made in his first petition just a few months" earlier. *See id.* at 1–2.

In this petition, his third, Bastidas Mejias "acknowledges the complete procedural history," but now contests "whether [the Department of Homeland Security] lawfully revoked the conditional liberty it granted" to him before it arrested him. (*See* ECF 1, at 2.) Respondents do not dispute that he was previously granted release nor respond to his arguments that it was inappropriately revoked. Instead, they argue that this petition, like his second one, must be dismissed as an "abuse of the writ" because "this argument was available to him at the time of filing" his original petition. (ECF 7, at 3.) This time, though, respondents' abuse-of-the-writ arguments fail.

The "abuse of the writ doctrine forbids the reconsideration of claims that were or could have been raised in a prior habeas petition." *Eldridge v. Howard*, 70 F.4th 543, 551 (9th Cir. 2023). Such a "successive petition" "must be dismissed unless the petitioner can

show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim." *Eldridge*, 70 F.4th at 551. There's no question that this claim—that his previously granted parole was improvidently revoked—existed at the time he filed his last two petitions. But Bastidas Mejias contends that his failure to do so is excused by cause and prejudice.

"[T]he cause standard requires the petition to show that some objective factor external" to petitioner "impeded" his "efforts to raise the claim" previously. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (cleaned up). Bastidas Mejias, who has brought all three petitions without an attorney, offers such an objective factor: "Petitioner lacked access to the Government's revocation record and did not know whether a revocation decision existed, who made it, or the basis for it." (ECF 8, at 2.) "Those are facts primarily within [the Department of Homeland Security's] possession." (*Id.*) As Bastidas Mejias has shown that the factual "basis for [his] claim was not reasonably available" before, he had "cause" for failing to raise this argument earlier. *See McCleskey*, 499 U.S. at 494.

That leaves the question of prejudice, which is even more straightforward. Respondents don't deny his claim of error, seemingly conceding that they inappropriately revoked his parole. (*See* ECF 7 (addressing only the abuse of the writ doctrine).) Thus, Bastidas Mejias has shown "actual prejudice resulting from the errors of which he complains." *McCleskey*, 499 U.S. at 494.

When the government conceded that it lacked any lawful basis for revoking parole in the past, this Court has ordered the petitioner's immediate release on the same terms as the original parole. *See, e.g.*, *Reyes Hernandez v. Mullen*, No. 26-cv-5208-AGS-DEB, ECF 5, at 1 (S.D. Cal. Sept. 22, 2026). On this record, there is no reason to break from that precedent. Thus, Bastidas Mejias's latest habeas petition is **GRANTED**. Respondents are ordered to release him subject to the same terms and conditions of his prior parole. The Clerk must issue a judgment and close this case.

Dated: September 23, 2026

Hon. Andrew G. Schopler
United States District Judge